O’NIELL, J.
The question presented, in this case depends upon an interpretation of the following clause in a contract of lease for mineral oil and gas, viz.:
*669 “To have and to hold the above-described premises, unto the said party of the second part [the lessee], its successors and assigns, on the following conditions: In case operations for the drilling of a well for oil or gas is not commenced and prosecuted with due diligence within one year from this date, then this grant shall immediately become null and void as to both parties; provided, that second party may prevent such forfeiture from year to year’ for five years, by paying to the first party [the lessors] the sum of $340 per year until such well is commenced; and it is agreed that the completion of a well shall operate as full liquidation of all rentals under this provision during the remainder of the term of this lease, which payment can be made direct to first parties.”
The question is whether the five years, that is, the term for which the lessee might prevent a forfeiture of the lease, commenced at the expiration of the' year in which the lessee was hound to commence drilling operations to prevent a forfeiture, or included the year in which the lessee was primarily bound to commence drilling operations.
The lessee paid, as a consideration for the lease, $1,000 in cash, at the time of signing the contract; that is, on the 25th of January, 1911. Drilling operations were not commenced within the first, second, third, fourth, or fifth year from or after the date of the contract ; but the lessee paid, before the expiration of each year, the stipulated rental of $340, and thereby prevented a forfeiture of the lease. The lessors declined to accept the $340 as rental for the sixth year, ending on the'25th of January, 1916; and, on the 26th of January, 1916, served written notice upon the lessee that the lease had expired, according to its terms. The lessee insisted that the terms of the lease gave the right to prevent a forfeiture for another year. The lessors instituted this suit on the 14th of February, 1917; that is, after the sixth year from the date of the contract had expired. Alleging that the claim of the Standard Oil Company had caused them a loss of $3,400 by preventing their making another lease of the land for the year 'commencing on January 25, 1916, plaintiffs prayed for a judgment for that sum; and, in the alternative, they prayed, that, if the court should find that the lessee was entitled, by paying the $340, to maintain the lease in force for the year commencing on January 25,1916, then plaintiffs should have judgment for the $340 rental for that year.
The district judge construed the contract to mean that the term of five years, for which the lessee was permitted to prevent a forfeiture of the lease, commenced at the expiration of the year in' which the lessee was primarily bound to commence drilling operations. The court therefore rejected plaintiffs’ demand for $3,400, and gave judgment for the alternative demand, for $340, with legal interest from the 26th of January, 1916. The defendant has appealed; and the plaintiffs, answering the appeal, pray that the judgment be amended by increasing the amount to $3,400,.
[1, 2] The main argument in the brief of counsel for appellees is founded upon the statement that it was not the custom, and was not the intention of the lessors in this instance, to make a lease for one year and allow the lessee the privilege of continuing the lease five years longer, by paying the rental stipulated in the contract. No evidence whatever was offered in support of that contention. If the contract was ambiguous in that respect, or if, by error or fraud, it did not express the intention of the lessors, the burden was upon them to show the fact by other evidence. No such evidence was offered. On the contrary, all of the evidence offered by plaintiffs, as far as it relates to the question at issue, indicates that the lessors knew that the contract might be interpreted as it was interpreted by the lessee. For- example, plaintiffs introduced in evidence the notice which they had served on *671 the lessee, dated the 26th of January, 1916, in which they said:
“You are hereby notified that the oil and gas léase contract made in your favor, of date Jan. 25, 1911, for the following land lying in Cad-do; to wit, * * * has expired according to its terms, and the lessors will not receive any further payment for the renewal or for the continuation of the same, as the time for such payments has already expired.”
Mr. E. R.- Chadwick, the one of the lessors who had charge of this matter, and .the only one who testified in the case, admitted that certain parties, with whom he and his co-owners had-signed an agreement, dated May 23, 1916, to lease 290 acres of the land in question, examined the records, and came to the conclusion that the Standard Oil Company’s lease, or right of renewal, would be in force until the 25th of January, 1917. Mr. Chadwick testified as follows, with reference to his contract dated the 23d of May, 1916, to lease the land for that year, viz.:
“I contracted with Kinnebrew and Ratcliffe to take 290 acres at $10 per acre, for four months, but we never got any further than signing up the contract. They got to looking up the title, and found that the Standard Oil Company had a lease on it.”
The lessors in this case admitted that the rental of $340 was payable in advance; that is, payable on or before the 25th of January, 1912, to prevent a forfeiture at the end of the first year, and payable on or before the 25th of January, 1913, to prevent a forfeiture at -the end of the second year, etc. Our opinion is that the precise language of the clause in-question meant that the term of five years, during which the lessee was allowed to prevent a forfeiture, “from year to year,” by paying $340 rental in advance, commenced at the expiration of the first year, for' which the lessee had already paid a cash consideration ,of $1,000. The lessee was not required to do or pay anything to prevent a forfeiture during the year commencing on the 25th of January, 1911. It would therefore be contrary to the plain and ordinary meaning of the language, to construe the clause to mean that the term of five years, for which the lessee had the right to continue the lease in force by paying $340 in advance of each of said five years, included the year for which the lessee had already paid a consideration of $1,000. Our conclusion is that the judgment appealed from is correct.
The judgment is affirmed, at appellant’s cost.